Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| WALTER GARCÍA SÁNCHEZ, y otros<br><br>Peticionarios<br><br>v.<br><br>HARRY OCASIO HERÍQUEZ y otros<br><br>Recurrida | TA2026CE00729 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00206 (208)<br><br>Sobre:  Acoso Laboral y otros |

Panel integrado por su presidenta, la jueza Lebrón Nieves, la jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de junio de 2026.

Comparece ante nos el señor Walter García Sánchez y la señora Keyla Nazario Delgado ("Parte Peticionaria", conjuntamente) mediante recurso intitulado de *Certiorari*. Nos solicitan la revocación de la *Orden* emitida y notificada el 4 de junio de 2026 por el Tribunal de Primera Instancia, Sala Superior de Humacao ("foro primario" o "foro *a quo*"). A su vez, peticionan la revisión de la *Orden* emitida y notificada el 8 de junio de 2026 por el *foro a quo*, en la cual adelantó que durante la celebración de la *Conferencia Inicial* discutirá el informe de manejo de caso sometido por la Parte Peticionaria.[2]

Por virtud de la determinación primera aludida, el foro primario reiteró que celebrará el señalamiento de *Conferencia*

---

[1] De conformidad con parámetros dispuestos en la *Orden Administrativa JP-2018-035*, se modifica la integración del Panel VIII, debido a que el Hon. Ángel Págan Ocasio se encuentra fuera del Tribunal por causas justificadas, según lo establece la *Orden* emitida el 9 de junio de 2026 por este Foro Intermedio.

[2] *Véase*, SUMAC TPI, Entrada 183.

*Inicial* pautado para el 9 de junio de 2026 a las 2:00 p.m.[3] Surge del expediente ante nos que, dicho señalamiento se acordó previamente el 6 de mayo de 2026 en la *Vista sobre Estado Procesal,* según consta en la *Minuta* notificada el 19 de mayo de 2025.[4] Durante este trámite, comparecieron las partes de epígrafe por conducto de sus representantes legales, y discutieron los siguientes asuntos:

> A la Vista sobre Estado Procesal, celebrada mediante videoconferencia por la plataforma Zoom, comparece el Lcdo. José F. Gierbolini Bonilla en representación de la parte demandante. Comparece la Lcda. Teresa M. García Moll en representación de Ryder Memorial Hospital, Inc.
> El Tribunal hace recuento procesal del caso. Luego solicita a las partes informar.
>
> El licenciado Gierbolini Bonilla solicita que se cumpla el proceso para señalar conferencia inicial. Además, indica que informó a las partes su perito.
>
> La licenciada García Moll ratifica que se le notificó el perito a usarse por la parte demandante. Solicita que se establezca término para informe pericial. Aclara que respecto a los codemandados el trámite lleg[ó] al Tribunal Supremo quien a su vez devolvió el caso al Tribunal de Apelaciones. Está pendiente de resolución del Tribunal de Apelaciones, el mandato no ha sido enviado por el apelativo. En cuanto al Ryder la causa de acción es distinta y separad[a] de la causa laboral, por lo que ha insistido que se produzca la prueba que la parte demandante haya podido identificar.
>
> El licenciado Gierbolini Bonilla expresa estar en total acuerdo con lo expresado por la licenciada García Moll. A solicitud del licenciado Gierbolini Bonilla, el Tribunal ordena que una vez preparada la minuta se notifique a las partes.
>
> **El Tribunal señala Conferencia Inicial para 9 de junio de 2026 a las 2:00 de la tarde mediante videoconferencia. El informe debe estar presentado 5 días antes de la vista**.[5] (Énfasis nuestro).

Inconforme con este proceder, la Parte Peticionaria recurre ante nos mediante el recurso intitulado *Certiorari,* en el cual esboza los siguientes señalamientos de error:

> A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL PERMITIR QUE SE PRESENTARA UN INFORME PARA EL MANEJO DEL CASO Y QUE SE PAUTE UNA CONFERENCIA INICIAL EN ESTE CASO CON SOLAMENTE DOS PARTES: LA PARTE RECURRENTE Y RYDER MEMORIAL HOSPITAL Y OBVIANDO EL HECHO INNEGABLE QUE LA PARTE RECURRIDA SIGUE SIENDO PARTE VIGENTE E INDISPENSABLE EN ESTE CASO.

---

[3] *Véase,* SUMAC TPI, Entrada 180.
[4] *Véase,* SUMAC TPI, Entrada 176.
[5] *Véase,* SUMAC TPI, Entrada 176.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO INCLUIR EN EL INFORME PARA EL MANEJO DEL CASO Y EN LA CONFERENCIA INICIAL A LA PARTE CODEMANDADA- RECURRIDA, MUNICIPIO AUTÓNOMO DE HUMACAO, CUANDO ESTE HONORABLE TRIBUNAL ERRÓ AL DICTAR UN MANDATO EN EL CASO KLAN202401027 SIN HABER RESUELTO LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE EN L O QUE RESPECTA AL MUNICIPIO AUTÓNOMO DE HUMACAO.

Examinado su escrito, prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho", según nos permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Por los fundamentos expuestos a continuación, ***denegamos*** la expedición del auto discrecional presentado por la Parte Peticionaria. *Veamos*.

## I.

### A. Recurso de certiorari

Es norma reiterada que, "una resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). Véase, también, *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 251 (2012). Así, pues, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491, según emendada. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212

DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es irrestricto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), fija los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. Ello, pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 849 (2023). Por tanto, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

**II.**

Expuesto el marco jurídico y examinado el escrito radicado por la Parte Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa, de conformidad con los parámetros dispuestos en la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40.1 del Reglamento del Tribunal de Apelaciones, *supra.* Ello, pues, en el presente caso, los Peticionarios no han demostrado que el foro primario se excedió en el ejercicio de su discreción, ni que erró en la interpretación o aplicación de norma jurídica procesal o sustantiva. Tampoco constataron que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta

etapa de los procesos. En virtud de lo anterior, denegamos la expedición del recurso de *certiorari.*

**III.**

Por los fundamentos que anteceden, ***denegamos*** la expedición del auto de *certiorari.* Por el resultado alcanzado, declaramos **No Ha Lugar** la *Moción en Auxilio de Jurisdicción y sobre Mandato Inoficioso* en *Caso KLAN202401027* presentada por la Parte Peticionaria.

**Notificar inmediatamente al Hon. Carlos J. Franco Lecaroz y demás partes.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones